Filed at 10:53 A M
DATE 10/6/09
Pamela J. Sweeden
DEPUTY CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NUMBER: 4:09-CR-18 (CDL) |
| | : VIOLATION: 18 U.S.C. § 4 |
| v. | : |
| MICHAEL RAIMER | : |
| | : |

## PLEA AGREEMENT

It is hereby agreed by the United States of America, by and through its undersigned attorney, and MICHAEL RAIMER, hereinafter referred to as "defendant," and defendant's undersigned attorney, as follows:

(1)

Defendant acknowledges that defendant has reviewed and discussed the superseding information against defendant in this matter with defendant's attorney and defendant's attorney has explained to defendant his understanding of the government's evidence.

(2)

The defendant understands that defendant is not required to plead guilty, and that defendant has the right to plead not guilty and to elect instead to be tried by jury. The defendant understands that at a jury trial, defendant would enjoy a presumption of innocence, and that the government would have the burden of proving defendant's guilt beyond a reasonable doubt. The defendant understands that defendant would be entitled to the services of a lawyer at all stages of such trial. The defendant understands that defendant would be entitled to confront and cross-examine the government's proof, and to present witnesses and evidence in defendant's own behalf. The defendant understands that defendant would have the right to testify in defendant's own behalf, but that defendant could not be compelled to do so. Defendant has discussed these



rights with defendant's attorney. Defendant is satisfied with the services of defendant's lawyer. Defendant knowingly and voluntarily waives defendant's rights to plead not guilty and to proceed to trial.

The United States Attorney and the defendant agree and understand that the Court should consider its sentence in light of the advisory Federal Sentencing Guidelines, as explained in United States v. Booker, 543 U.S. 220 (2005). Defendant knowingly and voluntarily waives any further objections that defendant may have based on Booker, Apprendi v. New Jersey, 530 U.S. 466 (2000), and their progeny. So the defendant agrees that at sentencing the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. The defendant expressly waives any claim of right to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

(3)

Defendant being fully cognizant of defendant's rights, and in exchange for the considerations to be made by the United States as set forth in paragraph (4), below, agrees pursuant to Rule 11(c), Federal Rules of Criminal Procedure, as follows:

(A)     The defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count One of the superseding information. Count One charges the defendant with having knowledge of the actual commission of a felony cognizable by a Court of the United States, and concealing and not as soon as possible making known the same to some judge or other person in civil or military authority under the United States.

(B) The defendant understands that defendant's plea of guilty to Count One, as set forth in subparagraph (A), above, will subject the defendant to a maximum of three (3) years imprisonment, a fine of up to $250,000, or both, and a maximum of one (1) year supervised release. Defendant further acknowledges that the Court is required to impose a mandatory assessment of $100.00 on this Count.

(C) The defendant acknowledges and understands that the Court is not bound by any estimate of the advisory sentencing range that defendant may have received from defendant's counsel, the government, or the Probation Office. The defendant further acknowledges and agrees that defendant will not be allowed to withdraw defendant's plea because defendant has received an estimated guideline range from the government, defendant's counsel, or the Probation Office which is different from the advisory guideline range computed by the Probation Office in the Pre-Sentence Report and found by the Court to be the correct advisory guideline range.

(D) The defendant fully understands and has discussed with defendant's attorney that the Court will not be able to consider or determine an advisory guideline sentencing range until after a pre-sentence investigative report has been completed. The defendant understands and has discussed with defendant's attorney that the defendant will have the opportunity to review the pre-sentence investigative report and challenge any facts reported therein. The defendant understands and has discussed with defendant's attorney that any objections or challenges by defendant or defendant's attorney to the Pre-Sentence Report, the

Court's evaluation and rulings on that report, or the Court's sentence, will not be grounds for withdrawal of the plea of guilty.

(E) Defendant understands and has discussed with defendant's attorney that after the Court considers the advisory guideline range for this case, the Court will have the discretion to impose a sentence that is more severe or less severe than the advisory guideline range.

(F) Defendant agrees to provide a check for the mandatory assessment at the time of sentencing.

(G) Defendant understands, and has fully discussed with defendant's attorney, that the Court shall order total restitution in this case pursuant to 18 U.S.C. Section 3663A and that the defendant agrees to pay the restitution ordered by the Court whether to an identifiable victim or the community. In this case defendant agrees that he is responsible for $2783 in restitution and the defendant agrees to pay that amount.

(H) The defendant understands that ordinarily Title 18, United States Code, Section 3742, will in certain cases allow for a direct appeal after sentencing followed by the Court of Appeals' limited review of a defendant's sentence. But once this agreement is accepted and sentence is imposed by the District Court, defendant by this agreement forever waives any right to an appeal or other collateral review of defendant's sentence in any court. However, in the event that the District Court imposes a sentence that exceeds the advisory guideline range, then the defendant shall retain only the right to pursue a timely appeal directly to the Court of

        Appeals after the District Court imposes its sentence. In the event that the defendant retains the right to a direct appeal, that right is limited to appealing sentencing issues only. The defendant and the United States Attorney agree that nothing in this plea agreement shall affect the government's right or obligation to appeal as set forth in Title 18, United States Code, Section 3742(b). If, however, the United States Attorney appeals the defendant's sentence pursuant to this statute, the defendant is released from defendant's waiver of defendant's right to appeal altogether.

(I)     The defendant and the government stipulate and agree that there was no detected or identified biological evidence obtained during the investigation and prosecution of the matter which is subject to DNA testing. The defendant further agrees that all evidence obtained in this investigation and prosecution may be destroyed or returned to its rightful owner.

(J)     Defendant agrees to provide complete, candid, and truthful statements to law enforcement officers regarding defendant's involvement and the involvement of all others involved in the charges alleged in the present information as well as any and all criminal violations about which the defendant has knowledge or information and that such information provided will be pursuant to and covered by this agreement. The defendant further agrees to provide complete, candid, and truthful testimony regarding such matters in any proceeding. The defendant understands that this agreement does not require the defendant to implicate any particular individual or individuals or to "make a case," rather, it requires the

*mk*

defendant to be truthful and to testify truthfully whenever called upon.

(K)  Defendant understands that he is pleading guilty to a felony offense and that he has the right to have his case considered by a Grand Jury. Defendant further understands that by entering this plea to a superseding information, he is giving up the right to have his case heard by a Grand Jury. Defendant knowingly and voluntarily gives up the right to have his case considered by the Grand Jury.

(4)

In exchange for the considerations set forth in paragraph (3), above, the United States Attorney for the Middle District of Georgia agrees as follows:

(A)  That he will accept the plea of guilty by the defendant as provided in paragraph (3)(A), above, in full satisfaction of all possible federal charges, known to the United States Attorney at the time of defendant's guilty plea, which might have been brought in this district solely against the defendant.

(B)  That he further agrees, if defendant cooperates truthfully and completely with the government, including being debriefed and providing truthful testimony, at any proceeding resulting from or related to defendant's cooperation, to make the extent of defendant's cooperation known to the sentencing Court. If the defendant is not completely truthful and candid in his cooperation with the government, he may be subject to prosecution for perjury, false statements, obstruction of justice, and/or any other applicable charge. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to 18 U.S.C. Section

6

3553(e) and/or Section 5K1.1 of the advisory Sentencing Guidelines warranting the filing of a motion at the time of sentencing recommending a downward departure from the advisory guideline range. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure warranting the filing of a motion for reduction of sentence within one year of the imposition of sentence. In either case, the defendant understands that the determination as to whether the defendant has provided "substantial assistance" rests solely with the government. Any good faith efforts on the part of the defendant that do not substantially assist in the investigation or prosecution of another person who has committed a crime will not result in either a motion for downward departure from the advisory guideline range or a Rule 35 motion. In addition, should the government fail to cooperate truthfully and completely with the government, or if the defendant engages in any additional criminal conduct, the defendant shall not be entitled to consideration pursuant to this paragraph.

(C)  Pursuant to Section 1B1.8 of the United States Sentencing Guidelines, the government agrees that any self-incriminating information which was previously unknown to the government and is provided to the government by the defendant in connection with defendant's cooperation and as a result of the defendant's plea agreement to cooperate will not be used in determining the applicable guideline range. Further, the government agrees not to bring additional charges against the

defendant, with the exception of charges resulting from or related to violent criminal activity, as defined in 18 U.S.C. Section 924(e)(2)(B)(i), based on any information provided by the defendant in connection with the defendant's cooperation, which information was not known to the government prior to said cooperation. This does not restrict the government's use of information previously known or independently obtained for such purposes.

(D)  If the defendant affirmatively manifests an acceptance of responsibility as contemplated by the Sentencing Guidelines, the United States Attorney will recommend to the Court that the defendant receive an appropriate downward adjustment in the advisory guideline range. But the decision whether the defendant will receive any sentence reduction for acceptance of responsibility rests within the Court's discretion. The United States expressly reserves the right to furnish to the Court information, if any, showing that the defendant has not accepted responsibility, including, but not limited to, denying his involvement, giving conflicting statements as to his involvement, or engaging in additional criminal conduct including personal use of a controlled substance.

(E)  The government agrees to recommend to the Court that the defendant receive a probated sentence. The defendant, however, understands that this recommendation is not binding on the Court.

(5)

Nothing herein limits the sentencing discretion of the Court.

(6)

This agreement constitutes the entire agreement between the defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, defendant states that no person has, directly or indirectly, threatened or coerced defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

(7)

As an aid to this Court, the United States Attorney and the defendant, by and through defendant's counsel, enter into the following Stipulation of Fact. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court. Under U.S.S.G. Policy Statement Section 6B1.4(d), the Court may accept this stipulation as written or in its discretion with the aid of the Pre-Sentence Report determine the facts relevant to sentencing.

Subject to the above paragraph, the United States Attorney and the defendant stipulate and agree to the following:

The allegations of Count One of the information are true and correct.

In October 2008, the defendant was experiencing financial problems. A significant cause of his problems was payments he was making on two vehicles, a Cadilac Escalade and a Honda motorcycle. Combined, the defendant was paying in excess of $1000 a month on the two vehicles.

The defendant was presented a plan to make it appear that the truck and motorcycle had been stolen, and he agreed to the plan. While the defendant was conducting a thirty day training

9

mission in California with his army unit, the vehicles were taken. They have not been recovered and there are no suspects in the theft of these items.

After his return to Georgia, the defendant filed a theft report regarding the two vehicles. On November 12, 2008, he filed claim number 085540072 with Progressive Insurance. This claim alleged that his motorcycle had been stolen, and was sent to Progressive through the United States mail. Progressive eventually payed the claim to the lien holder in the amount of approximately $9300.

While not directly involved in the theft of the vehicles, the defendant was aware that the crime had been committed, and nonetheless concealed the crime and failed to report the crime to any civil or military authority.

The defendant now admits that on or about the date alleged in the information, he knowingly concealed the crime of ~~wire~~ mail fraud and that he intentionally failed to report the crime to the proper authorities.

(8)

ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by the defendant.

SO AGREED, this 6th day of October, 2009.

G. F. PETERMAN, III
ACTING UNITED STATES ATTORNEY



By: _____
Melvin E. Hyde, Jr.
Assistant United States Attorney
Georgia Bar No. 381425

Address:

Post Office Box 2568
Columbus, Georgia 31902
(706) 649-7700

I, MICHAEL RAIMER, have read this agreement and had this agreement read to me by my attorney, Scot Sikes. I have discussed this agreement with my attorney and I fully understand it and agree to its terms.

_/s/ Michael Raimer_
MICHAEL RAIMER
DEFENDANT

I, Scot Sikes, attorney for defendant MICHAEL RAIMER, have explained the indictment and the government's evidence received through discovery and my investigation of the charge to the defendant. I believe defendant understands the charge against defendant and the evidence that would be presented against defendant at trial. I have read this agreement, have been given a copy of it for my file, and have explained it to defendant. To the best of my knowledge and belief, defendant understands this agreement.

_/s/ Scot Sikes_
SCOT SIKES
ATTORNEY FOR DEFENDANT